# In the United States Court of Federal Claims

No. 18-578C

(Filed: August 23, 2018)

**(NOT TO BE PUBLISHED)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **ROBERT JACOBSEN and CAROL JACOBSEN,** | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| **UNITED STATES,** | ) ) ) |
| Defendant. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Robert Jacobsen and Carol Jacobsen, *pro se*, Brick, NJ.

Russell J. Upton, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Chad A. Readler, Acting Deputy Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Allison Kidd-Miller, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiffs Robert and Carol Jacobsen have brought suit seeking monetary and equitable relief against the United States, naming specifically the Federal Emergency Management Agency, or "FEMA", The Hartford Financial Services Group, Inc. ("Hartford"), Citi Mortgage, Inc. ("Citi"), and several federal and state court judges. Compl. at 1-4, 6, ECF No. 1; Suppl. Compl. at 1, 7-9, ECF No. 7.[1] Their claims relate to damage caused by Hurricane Irene and Superstorm Sandy, and subsequent decisions by FEMA, insurance companies, and federal and

---

[1]Because the plaintiffs' complaint and supplemental complaints are not paginated, citations to these materials will be made to the particular sequential page of the document as marked by the electronic case filing system. And, because the complaint and supplemental complaints were presented largely in all capitals and with liberal use of underlining, all quotations of plaintiffs' filings are set out with regular capitalization and additional emphasis removed.

state courts regarding insurance payouts. Compl. at 2-6; Suppl. Compl. at 1, 7-9. Plaintiffs allege that Citi improperly foreclosed on their New Jersey property in August 2017 in state court. Suppl. Compl. at 7-8.

The United States has moved to dismiss the complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 10. Mr. and Mrs. Jacobsen responded on August 11, 2018, in opposition to the government's motion. *See generally* Pls.' Resp., ECF No. 12. They filed a second supplemental complaint on the same day, Second Suppl. Compl., ECF No. 11, having filed their initial complaint on April 20, 2018 and a supplemental complaint on June 13, 2018. Plaintiffs have filed several cross-motions, including, among others, for a jury trial, for compensation, for discovery, to dismiss a docket in the United States Court of Appeals for the Third Circuit, to affirm certain previous filings, and to initiate a class action. Pls.' Resp. at 1-3, 6. If jurisdiction is determined to be absent, the plaintiffs request transfer to an appropriate court, including to the United States Supreme Court or a state supreme court. *Id.* at 6.

Because this court lacks jurisdiction over any of the asserted grounds for relief and the complaint fails to state any claim upon which this court can grant relief, the government's motion to dismiss the Jacobsens' complaint is granted. Plaintiffs' cross-motions are denied as moot. Plaintiffs' motion to transfer is denied.

## BACKGROUND

The Jacobsens' property in New Jersey was damaged during Hurricane Irene in 2011 and Superstorm Sandy in 2012. Since 2011, the Jacobsens have been party to a number of suits, mostly as plaintiffs suing Hartford, related to property damage caused by the two storms. The Jacobsens' prior filings appear to list at least thirteen previous cases in federal and state court. They apparently have been unsuccessful in all. *See* Compl. at 1; Suppl. Compl. at 7; Pls.' Resp. at 1-2; *see also, e.g.*, *Jacobsen v. Hartford Ins. Co. Flood & Home (Sandy)*, No. 14-3094, 2017 WL 1239145, at **3-7 (D.N.J. Mar. 31, 2017), *appeal dismissed*, No. 17-2309, 2017 WL 6514634 (3d Cir. Oct. 5, 2017).

The Jacobsens also contested a judicial foreclosure in August 2017 by Citi on their New Jersey property. A New Jersey state court had entered judgment against the Jacobsens in 2015 and foreclosure occurred in August 2017. *See* Compl. at 7-8. A federal court dismissed the Jacobsens' attempt to contest the foreclosure for lack of jurisdiction, which dismissal the Court of Appeals for the Third Circuit upheld. *Jacobsen v. Citi Mortgage Inc, (NJ)*, 715 Fed. Appx. 222 (3rd Cir. 2018). Eviction followed in March 2018. Suppl. Compl. at 7-8.

Mr. and Mrs. Jacobsen do not state specific legal grounds for their suit, but they cite general violations of constitutional rights; civil and criminal violations by FEMA, Hartford, and Citi; fraud by Citi; and, deprivations by FEMA, Citi, and several district courts of their constitutional right to a jury trial and to procedural due process. Compl. at 2-3, 6; Suppl. Compl.

2

at 1, 7-9.[2] The Jacobsens also list several other related cases to which they have been a party, the decisions in which they contend are erroneous. Compl. at 3, 6; Suppl. Compl. at 1, 9.

The Jacobsens request $6,141,900 in damages, Compl. at 3, which may include litigation costs and interest. Compl. at 3; Compl. Attach. They also request treble damages. Compl. Attach. The Jacobsens additionally seek "a fairer settlement to each of the 2,000 plaintiffs," Compl. at 3, referring to other persons and entities in circumstances similar to theirs, Pls.' Resp. at 1, 3. The complaint also requests that this court "acknowledge criminal aspects performed" by several judges, "fix the court system," "discontinue [] flood [insurance] policies," and "dissolve[] [FEMA] and declare[] [FEMA] criminally inept." Compl. at 3; Pls.' Resp. at 2. Further, the Jacobsens seek review of pending cases and decisions rendered by several federal and state courts, to review settlement decisions regarding Hurricane Irene and Superstorm Sandy insurance claims, correcting errors of law in several previous cases filed by Mr. and Mrs. Jacobsen, reversing the foreclosure of their New Jersey property, requiring judges to testify regarding prior judicial opinions, and mitigating judicial bias that resulted in their losses in prior lawsuits. Compl. at 2-3, 6; Suppl. Compl. at 1, 7-9.

## STANDARDS FOR DECISION

### A. Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not, however, provide a plaintiff with any substantive rights. *United States v. Testan*, 424 U.S. 392, 398 (1976). To establish this court's jurisdiction under the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *Testan*, 424 U.S. at 398). If a plaintiff fails to raise a claim under a money-mandating provision, this court "'lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

This court has power to award equitable relief where specifically authorized by statute. *National Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716-17 (Fed. Cir. 1998) ("Congress has authorized the Court of Federal Claims to grant equitable relief in certain limited circumstances, [but there is no] general authority to grant equitable relief . . . ."). And, equitable relief under the Tucker Act is limited to instances "incidental and collateral to" a judgment for damages. 28 U.S.C. § 1491(a)(2); *see James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998).

Mr. and Mrs. Jacobsen, as plaintiffs, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011)

---

[2]Though the complaint does not explicitly mention procedural due process, Mr. and Mrs. Jacobsen note "illegal notifications (incorrect mailings)" and make allegations regarding, "prejudicial" and "self[-] protecting" judges. Suppl. Compl. at 1, 7.

3

(citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). When ruling on the government's motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration*, 659 F.3d at 1163 (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### B. Rule 12(b)(6) – Failure to State a Claim Upon Which Relief Can be Granted

A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual matters alleged "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citation omitted).

When reviewing the complaint, "the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing *Papasan v. Allain*, 478 U.S. 265, 283 (1986)) (additional citation omitted). Conclusory statements, however, "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "'[N]aked assertions[s]' devoid of 'further factual enhancement'" are insufficient to state a claim. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557); *accord Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim.").[3]

### C. Transfer under 28 U.S.C. § 1631

If a court finds it lacks subject matter jurisdiction over a civil complaint, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631. Transfer is in the interest of justice if the claims are "nonfrivolous and . . . should be decided on the merits." *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987).

---

[3] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But, this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not take a liberal view of [] jurisdictional requirement[s] and set a different rule for pro se litigants only.").

## ANALYSIS

### I. Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction

The government contends that the Jacobsens' complaint must be dismissed for lack of jurisdiction. First, the government asserts that this court lacks jurisdiction to review state and federal court decisions and to hear criminal cases. Def.'s Mot. at 5-6. Second, the government argues that this court is without jurisdiction to hear claims against private parties, including judges in their private capacity. *Id.* at 6-7. When acting in their official capacity, judges have immunity from suit. *Id.* at 7. Third, the government asserts that the Jacobsens "fail to identify any violation by the United States of a constitutional provision, statute, regulation, or executive order that affords them a right to monetary relief," and that the Jacobsens' allegations of due process and jury trial violations are not money-mandating. *Id.*

The Jacobsens' contest the government's summary of this case's background. Pls.' Resp. at 3. They argue that there "are no frivolous allegations" and imply that jurisdiction would be apparent if the court reads "the 3000-7000 documents associated with [their] 20 [previous cases]" and examines unspecified "additional facts ignored." *Id.* They contend that "the courts are empowered to provide fair and just rulings taking into consideration all actions and inactions within these 20 . . . [other] cases" and that this court has jurisdiction because their complaint contains "possible civil and tort or felony criminal actions." *Id.* at 4.[4]

If this court is to exercise jurisdiction over any of Mr. and Mrs. Jacobson's claims, it must do so under the Tucker Act, 28 U.S.C. § 1491(a). Other statutory grants of jurisdiction to this court are inapplicable to Mr. and Mrs. Jacobson's complaint. Saliently, this court can only hear claims against the United States. Thus, it cannot consider claims against Hartford and Citi. Under the Tucker Act, it can only hear claims for monetary compensation resulting from a breach of contract with the government or government violations of constitutional, statutory, or regulatory law, excepting tort cases. This court may not hear criminal complaints nor may it review decisions of state courts or other federal courts. Consequently, none of the allegations of erroneous prior rulings by other courts can be considered. In related vein, the court does not have jurisdiction over claims regarding the conduct of other judges, whether in their official capacity or otherwise.

#### A. Request to Adjudicate Criminal or Tort Allegations

The Tucker Act excludes tort claims from this court's jurisdiction. *E.g.*, 28 U.S.C. § 1491(a); *see also, e.g., New Am. Shipbuilders, Inc. v. United States*, 871 F.2d 1077, 1079 (Fed. Cir. 1989). This court also lacks jurisdiction over criminal claims. *See e.g., Brown v. United States*, 88 Fed. Cl. 322, 328 (2009) (citing *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994)). While the Jacobsens neither cite criminal statutes nor specify criminal violations, they generally aver illegal, fraudulent, and criminal acts by FEMA, Hartford, Citi, and several judges. Compl. at 1-3, 6; Suppl. Compl. at 1, 7-9; Pls.' Resp. at 4. This court has no jurisdiction over any of these tortious or criminal allegations.

---

[4]For *pro se* plaintiffs as all other plaintiffs, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *McZeal*, 501 F.3d at 1356 (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

### B. *Requests for Equitable Relief*

The Jacobsens request this Court to "dissolve[]" FEMA, and "declare[ FEMA] criminally inept." Pls.' Resp. at 2. The Jacobsens also invite this court to "fix the court system," "fix the FEMA laws/statutes," enjoin FEMA and other insurers from offering or renewing of flood insurance policies, and compel a judge "to testify regarding [specified orders]." Compl. at 3, 6; Suppl. Compl. at 8. This relief is not collateral to any monetary claim against the United States and must be dismissed for want of jurisdiction.

### C. *Constitutional Claims*

This court has jurisdiction over non-tort claims against the government for violation of constitutional rights, but only when the Constitution requires payment of monetary compensation by the United States. 28 U.S.C. § 1491(a); *Mitchell,* 463 U.S. at 216 ("Not every claim invoking the Constitution . . . is cognizable under the Tucker Act. The claim must be one for money damages against the United States."); *Jan's Helicopter Serv.*, 525 F.3d at 1308 (quoting *Greenlee Cty*, 487 F.3d at 876). Neither claims under the Due Process Clause of the Fifth Amendment or under the Seventh Amendment are money-mandating. *Crocker v. United States,* 125 F.3d 1475, 1476 (Fed. Cir. 1997) (Due Process Clause); *Jaffer v. United States*, No. 95-5127, 1995 WL 592017, at *2 (Fed. Cir. Oct. 6,1995) (Seventh Amendment).

The complaint specifically mentions three violations of the Jacobsens' constitutional rights. The complaint alleges that Mr. and Mrs. Jacobsen received improper notice about pending legal action, Suppl. Compl. at 1, 7, experienced adverse judicial bias, Compl. at 6; Suppl. Compl. at 1, 7, and were denied their right to jury trials, Suppl. Compl. at 9; Pls.' Resp. at 5. These assertions arguably implicate a Fifth Amendment right to procedural due process and a Seventh Amendment right to a jury. *See* U.S. Const. amends. V, VII; *e.g., Williams v. Pennsylvania,* ___U.S.___, 136 S. Ct. 1899, 1905-06 (2016) (due process requires judicial impartiality); *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 272 (2010) (due process requires reasonable notice). Because these constitutional rights are not money-mandating, this court lacks jurisdiction to hear these claims and must dismiss them.

### D. *Potential Claim Against FEMA for $6,141,900*

Finally, what remains is a potential claim against FEMA for $6,141,900 for losses resulting from Superstorm Sandy. Compl. at 2-4.[5] The complaint makes general and conclusory allegations that the Jacobsens' rights have been violated. But, the complaint fails to identify a specific statutory, regulatory, or contractual basis for any claim. Though the complaint repeatedly mentions "illegal" FEMA actions, no facts pled implicate the Takings Clause of the Fifth Amendment, any statutory or regulatory right, or a contract with the government. In sum, there are no facts pled that tie FEMA's conduct to a source of substantive law on which to base jurisdiction.

---

[5] The complaint does not assert specifically that the monetary request is against FEMA. Compl. at 1-2, 4, 6 (mentioning FEMA), 3 (requesting monetary relief).

## II.    Transfer under 28 U.S.C. § 1631

In the Jacobsens' response to the government's motion to dismiss, they request transfer to an appropriate court. Pls.' Resp. at 6. This court may transfer claims upon finding that it lacks jurisdiction, the transferee court has jurisdiction, and transfer is in the interest of justice. 28 U.S.C. § 1631. Transfer is not in the interest of justice when claims are frivolous or lack arguable legal points. *Galloway Farms*, 834 F.2d at 1000-01.

Having found that this court lacks jurisdiction over the Jacobsens' claims, the court considers the other elements for transfer under Section 1631. A district court might arguably have jurisdiction over some of their claims based upon diversity or federal question jurisdiction, if they would not be precluded by *res judicata* or collateral estoppel. Nonetheless, the Jacobsens' complaint pleads insufficient facts for another court to hear any claim on the merits. The complaint makes broad conclusory allegations against numerous plaintiffs, does not match factual allegations with legal grounds for claims, and requests some relief better suited for Congressional action. The Jacobsens have filed several other complaints regarding these issues, and appear to have been unsuccessful in federal district and appellate courts and state courts. *See* Compl. at 2, 6; Suppl. Compl. at 1, 7. They have had their day in court, multiple times. Having found that the Jacobsens' complaint fails to state a claim against any named or potential defendant, transfer would not be justified.

## CONCLUSION

For the reasons stated, the government's motion to dismiss the Jacobsens' complaint is GRANTED. Mr. and Mrs. Jacobsen's cross-motions are DENIED as moot and their motion to transfer is DENIED. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Senior Judge